LEBENSFELD BORKER SUSSMAN & SHARON LLP         [Electronically filed]
2 Penn Plaza, Suite 1980
New York, New York 10121
Stephen Sussman (SS-1072)
Victor River Jr. (VR-5693)
(212) 594-2030
Attorneys for Defendants

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
YVETTE WOODARD,

                              :       07 CV 4215 (BMC/KAM)

          Plaintiff,

                              :

         -against-                                 **ANSWER TO COMPLAINT**

                              :

125 COURT HOUSE, LLC;  30 MAIN LLC;
DW ASSOCIATES, LP;  TWO TREES
MANAGEMENT CO., INC.;  SETTLEMENT    :
HOUSING FUND, INC.,

                   Defendants.      :
-----------------------------------------------------------X

        Defendants by their attorneys, Lebensfeld Borker Sussman & Sharon LLP, for their answer to plaintiff's complaint ("Complaint"), respectfully allege as follows:

        1.    Deny the allegations contained in paragraph 1 of the Complaint, except that they (i) admit and aver that the Court House Apartments is a rental building that contains both affordable and market apartments, and (ii) make no response to plaintiff's purported description of the nature of the action.

        2.    Deny the allegations contained in paragraphs 2 and 22 of the Complaint, except that they admit and aver that (i) to obtain the benefits of low-income tax credits under the applicable provisions of the Internal Revenue Code and partial tax exemption under Section 421-a of the Real Property Law, twenty (20%) percent (or 64) of the 320 units in the newly-

constructed building located at 125 Court Street, Brooklyn, New York (the "Building") were set aside for low-income residents, *i.e.*, individuals and families whose income did not exceed either 40% (for 15% [or 10] of the affordable apartments) or 50% (for 85% [or 54]) of the affordable apartments) of median area income, as calculated in accordance with regulations of the Federal, State and City agencies involved in such programs, and (ii) on or about December 4, 2003, defendant 125 Court House, LLC ("Court"), as owner, and the New York City Housing Development Corporation ("HDC") entered into a regulatory agreement ("Regulatory Agreement") concerning the Building, to which reference is made for the full terms and provisions thereof.

3. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 3, 7, 24, 37-39, inclusive, of the Complaint.

4. Deny the allegations contained in paragraphs 4, 5, 9-11, 18, 33-35, 44-45, 54-55, 57-58, 60-63, 65-67, 69, 71, 74-77 and 79-81, inclusive, of the Complaint.

5. Deny the allegations contained in paragraphs 8, 25 and 40 of the Complaint, inclusive, except that they acknowledge receipt of an application by plaintiff for an affordable apartment, postmarked September 30, 2004, and they refer to the applicable documentation describing the respective application processes for the affordable and market apartments for the contents thereof.

6. Deny the allegations contained in paragraphs 6, 12 and 36, inclusive, of the Complaint, except that they deny knowledge or information sufficient to form a belief concerning the allegations that plaintiff is a Black woman with mobility impairments who resides in the Eastern District of New York and is a United States citizen.

7. Admit the allegations contained in paragraphs 13-14, 23, 27 and 32 of the

2

Complaint, except that they aver that Court and 30 Main LLC are New York limited liability companies.

8. Admit the allegations contained in paragraph 15 of the Complaint, except that they aver that DW Associates, L.P., is the general manager of Court.

9. Admit the allegations contained in paragraph 16 of the Complaint, except that they aver that defendant Two Trees Management Co., Inc. is a corporation.

10. Deny the allegations contained in paragraph 17 of the Complaint, except that they admit and aver that defendant Settlement Housing Fund, Inc., a non-profit housing corporation, entered into a contract with Court, to which reference is made for the full terms and provisions thereof.

11. Make no response to the allegations contained in paragraphs 19-21, inclusive, of the Complaint concerning jurisdiction and venue, except that they deny the allegation that the claims alleged in the Complaint constitute a discriminatory housing practice.

12. Deny the allegations contained in paragraph 26 of the Complaint, except that they admit and aver that applicants for affordable apartments are required to attend an in-person office interview.

13. Admit the allegations contained in paragraph 28 of the Complaint, except that they refer to the affirmative marketing plan for the full contents thereof.

14. Deny the allegations contained in paragraph 29 of the Complaint, except that they admit and aver, pursuant to the provisions of the Regulatory Agreement, particularly Section 5.3(a) thereof, that (i) three (3) of the affordable apartments were required to be made adaptable for disabled persons with mobility impairments and one (1) of the affordable apartments was required to be made adaptable for a disabled person with a visual or hearing

impairment, thus providing to applicants that could satisfy such criteria a preference in occupancy over other applicants not similarly situated; (ii) in accordance with such requirement, the form application for an affordable apartment provided a section for an applicant to indicate whether a member of the applicant's household had a mobility, visual or hearing disability; and (iii) no inquiry was made regarding disabilities to applicants for market apartments at the Building.

15. Deny the allegations contained in paragraph 30 of the Complaint, except that they admit and aver that (i) they submit third-party verification forms to current landlords of applicants for affordable apartments and request a copy of the current lease from such applicants, and (ii) applicants for market rate apartments are not required to submit a copy of their current lease.

16. Deny the allegations contained in paragraph 31 of the Complaint, except that they admit and aver that they seek from third-party reporting agencies information concerning the litigation history of applicants for affordable apartments, and that an applicant for a market apartment is required to inform the rental agent of such applicant's eviction history.

17. Deny the allegations contained in paragraph 41 of the Complaint, except that they admit and aver that by form letter dated November 12, 2004, to which reference is made for the contents thereof, plaintiff was notified that an appointment had been made for an office interview on November 29, 2004.

18. Deny the allegations contained in paragraph 42 of the Complaint, except that they admit and aver, upon information and belief, that plaintiff attended an office interview on November 29, 2004 during which Anna Albanese was present.

19. Deny the allegations contained in paragraph 43 of the Complaint, except

4

that they admit and aver, upon information and belief, that, to determine plaintiff's eligibility for the preference in occupancy afforded to persons with mobility impairments, verification from a third-party (e.g., a physician) is required.

20. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 46 and 47 of the Complaint, except that they admit and aver that (i) a copy of plaintiff's judgment of divorce, previously requested by defendants, was faxed to them on or about February 18, 2005 and (ii) applicants for market apartments are not required to submit divorce papers as part of the application process.

21. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 48 of the Complaint, except that they admit and aver that, by document dated March 3, 2005, to which reference is made for the contents thereof, plaintiff was notified that her application had been terminated on the basis of poor utility and rent payment history.

22. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 49 of the Complaint, except that they admit and aver that, on March 11, 2005, defendants received a letter from plaintiff dated March 8, 2005 that constituted plaintiff's appeal from the decision to terminate her application, to which letter reference is made for the full contents thereof.

23. Deny the allegations contained in paragraph 50 of the Complaint, except that they admit and aver that, by document dated March 17, 2005, to which reference is made for the full contents thereof, the appeal was rejected.

24. Deny the allegations contained in paragraphs 51 of the Complaint, except that they refer to the referenced bills for the contents thereof.

25. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 52 of the Complaint, except that they deny, upon information and belief, the allegation that plaintiff contacted the City as soon as she was notified by her landlord of what is described by plaintiff as the "City's error."

26. Deny the allegations contained in paragraph 53 of the Complaint, except that they admit and aver receipt of a letter from plaintiff's landlord, on March 22, 2005, to which reference is made for full contents thereof.

27. Deny the allegations contained in paragraph 56 of the Complaint, except that they admit and aver, from time to time and for variable periods, as marketing inducements, applicants for market rate apartments were provided with free internet and cable television.

28. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 59 of the Complaint, except that they admit and aver, upon information and belief, that plaintiff filed discrete complaints with the City of New York Commission on Human Rights, New York State Division of Human Rights and the Federal Department of Housing and Urban Development, all of which were withdrawn purportedly for administrative convenience and/or closure in advance of what plaintiff was informed would have been a determination adverse to plaintiff's allegations of discrimination.

29. Make no response to the legal conclusions alleged in paragraph 73 of the Complaint, except that they put plaintiff to her proof thereof.

**FIRST DEFENSE**

30. The Complaint, and each of its counts, fails to state a claim upon which relief can be granted.

**WHEREFORE**, defendants demand entry of judgment in their favor and against

plaintiff as follows:

      (a)    Dismissing the Complaint with prejudice;

      (b)    Awarding attorneys' fees and costs of suit; and

      (c)    Awarding any and all further relief as the Court deems just and proper.

**LEBENSFELD BORKER SUSSMAN & SHARON LLP**
Attorneys for Defendants

By: _/s/ Stephen Sussman_
    Stephen Sussman

Dated: New York, New York
       November 30, 2007

7

ANSWER 2 CLEAN.doc